IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LUCENA – HOUSE OF YANOS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID B. ROSEN, *et al.*,<br><br>Defendants. | CIV. NO. 16-00528 DKW-KJM<br>[formerly MC 16-000263 DKW-KJM]<br><br>**DEFICIENCY ORDER** |

### DEFICIENCY ORDER

Plaintiff Lucinda - House of Yanos, ("Plaintiff"), proceeding pro se, filed a new action entitled "Notice of Distress" on September 22, 2016.  Because the notice is not part of an ongoing case, it was filed as a miscellaneous case and Plaintiff paid the $46 filing fee.  The court has converted the miscellaneous case to a civil case.  The new case number is Civ. No. 16-00528 DKW-KJM.  All future filings shall reflect the new case number.

All parties instituting any civil action, suit or proceeding in a United States district court, other than a writ of habeas corpus, must pay a filing fee of $400.00.

*See* 28 U.S.C. § 1914(a). Due to the prior payment of a $46 miscellaneous filing fee, Plaintiff's balance due for the civil filing fee is $354.

Plaintiff has 30 days to submit the balance due or an application to proceed *in forma pauperis* ("IFP"). An action may only proceed without prepayment of the filing fee if a party is granted leave to proceed IFP. 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff must either pay the statutory filing fee or submit a fully-completed and executed IFP application by October 21, 2016. Failure to do so will result in AUTOMATIC DISMISSAL of this action for failure to prosecute or otherwise follow a court order. *See* Fed. R. Civ. P. 41(b); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (stating that the district court has authority to dismiss the complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees). Alternatively, Plaintiff may file a Notice of Withdrawal of this action and obtain reimbursement of the $46 from the Clerk's Office, which will terminate this action.

In determining whether to proceed in this action, Plaintiff should take heed that the Notice of Distress is deficient on its face for several reasons, which she may not be able to overcome. If Plaintiff chooses to proceed in this action, she

must provide a basis for the court's subject matter jurisdiction. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship).

Further, even if Plaintiff could establish the court's jurisdiction, she does not appear to be asserting any claim for which this court could provide relief. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Private individuals have no authority to issue a criminal indictment for violation of 18 U.S.C. § 241 or any other criminal statute, nor does the court have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

IT IS HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to send Plaintiff a copy of this Order and the Court's Application to Proceed *in forma pauperis* with the accompanying information sheet.

2. Plaintiff is GRANTED until **October 21, 2016** to (a) pay the filing fee; (b) file a Notice of Withdrawal of this action and obtain

reimbursement of the $46 from the Clerk's Office; or (c) submit a completed and executed application to proceed *in forma pauperis* on the form provided by the court with this Order. The application must bear the docket number (that is, Civil No. 16-00528 DKW-KJM) assigned to this case.

3. Failure to timely file an *in forma pauperis* application, file a Notice of Withdrawal, or to pay the statutory filing fee ($354) by **October 21, 2016** will result in AUTOMATIC DISMISSAL of this action.

IT IS SO ORDERED.

DATED: September 26, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Lucena – House of Yanos v. Rosen et al.,* CV. 16-00528 DKW-KJM;
**DEFICIENCY ORDER**